**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CURTIS D. JONES,**

        **Petitioner,**

    **v.**                                  **CASE NO. 11-3030-RDR**

**(fnu) Chester,**
**Warden, USP-Leavenworth,**

        **Respondent.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner has also filed a motion for leave to proceed in forma pauperis, but it does not include the certified copy of the inmate's account transactions for the six-month period immediately preceding the filing of the petition. Mr. Jones stated that it would be sent in 10 days; however, that time has elapsed and the requisite financial information has not been received. Having examined the materials filed, the court finds as follows.

As Ground 1, Mr. Jones claims that he is being "illegally held in solitary confinement" without due process. In support, he alleges that he has not violated any rules of the BOP and no disciplinary incident report has been issued. As Ground 4, he claims that he is being held in the hole "for a fight." He further alleges that the fight occurred in October 2010 in the gym, he was locked up during the investigation, and that the investigation proved he was not involved.

As ground 2, petitioner claims he is being denied rights and privileges in segregation. As factual support, he alleges that he

is being denied the exact same food and beverages as general population. As ground 3, he complains that he is being limited to one 15-minute phone call per month, unlike others, and that he is currently litigating his direct appeal and a § 2255 action in the sentencing court. He complains that he "cannot keep (these cases) current without phone calls."

The Habeas Rules require the assigned judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b); Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994). Having examined the petition filed herein, the court finds it is subject to dismissal for the following reasons.

First, petitioner has not satisfied the filing fee, either by paying it or by providing the statutorily required financial information in support of his motion to proceed in forma pauperis. This action shall be dismissed if the filing fee is not satisfied within the time allotted by the court.

Second, petitioner makes no showing that he has fully and properly exhausted the established prison administrative remedies on any of his claims. It has long been established that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking federal habeas corpus relief pursuant to 28

U.S.C. § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy". See Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996). In order to have fully exhausted, petitioner must have presented claims throughout the prison administrative process[1] that are identical to those he now presents in his federal habeas corpus Petition.

Third, petitioner's allegations of a denial of due process in connection with his placement in segregation fail to state a federal constitutional claim. The U.S. Supreme Court has held that a prison inmate has no protected liberty interest in a particular security classification or housing assignment within the prison facility, unless the conditions are shown to be atypical of those an inmate might expect to encounter during the service of his sentence.

---

[1] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14. Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's Central Office. Id. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

3

Sandin v. Conner, 515 U.S. 472, 486 (1995). Petitioner's allegations that he is subjected to different conditions than inmates in general population are not sufficient. He does not allege facts indicating that the particular conditions, phone limitations and different food, are atypical of the conditions that those inmates who are actually similarly situated, such as others in administrative segregation, might expect. Moreover, disciplinary sanctions that do not impact the duration of confinement like loss of good time, do not implicate constitutional due process.[2]

Finally, to the extent petitioner is seeking to challenge the conditions of his confinement in segregation, such claims must be pursued in a civil rights complaint under 42 U.S.C. § 1983. Petitioner's grounds 2 and 3 are claims regarding the conditions of his confinement that are not subject to review in a habeas corpus petition. These claims must be raised by Mr. Jones in a separate civil rights complaint, for which the filing fee is $350.00.[3] Allegations regarding the conditions of petitioner's confinement fail to state a claim for habeas relief under 28 U.S.C. § 2241.

Petitioner shall be granted twenty (20) days in which to satisfy the filing fee prerequisite for this action and to show cause why this petition should not be dismissed for the reasons stated herein. If he fails to comply with this Order, this action may be dismissed without further notice.

---

[2] However, petitioner's own factual allegations indicate that his placement in segregation was not a sanction imposed in disciplinary proceedings.

[3] This is true of petitioner's allegations suggesting that phone limitations may interfere with his access to the courts in his pending cases. Moreover, a denial of access claim must include allegations of fact showing actual injury. In other words, Mr. Jones must show that a case he has pending has, in fact, been dismissed or impeded by the phone limitation.

4

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to submit a certified copy of his inmate account for the six-month period immediate preceding the filing of this petition, and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED:  This 24th day of February, 2011, at Topeka, Kansas.**

<pre>
                              s/RICHARD D. ROGERS
                              United States District Judge
</pre>